UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SURAYA STERLING | ) | 3:20-CV-01142 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARNIVAL CORPORATION & PLC | ) | |
| *Defendant*. | ) | January 6, 2021 |

**MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (ECF NO. 10)**

Kari A. Dooley, United States District Judge

This negligence action arises out of Plaintiff Suraya Sterling's slip-and-fall aboard a cruise ship operated by Defendant Carnival Cruise Line ("Carnival"). Pending before the Court is Defendants Carnival Corporation & PLC and Carnival's[1] motion to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted or, in the alternative, to transfer venue to the United States District Court for the Southern District of Florida in Miami. Plaintiff objects. For the following reasons, the Court transfers this action to the Southern District of Florida, Miami Division.

**Relevant Background**

The following facts are either undisputed or as alleged in Plaintiff's complaint. Through Carnival's internet-based portal, Plaintiff booked a trip on a cruise ship called CARNIVAL

---

[1] Plaintiff incorrectly identified the corporate defendant as "Carnival Corporation & PLC a/k/a Carnival Cruise Line." (ECF No. 1). In the affidavit of Maurice Vega, Guest Claims Representative in the Legal Services Department of Carnival Cruise Line, which is attached to the Defendants' motion to dismiss, Defendants explain that there are two separate entities: (1) Carnival Corporation & PLC, a Panamanian corporation with its principal place of business located in London, England and (2) Carnival, a Panamanian corporation with its principal place of business in Florida, which is a wholly owned subsidiary of Carnival Corporation & PLC. (ECF No. 10-1 ¶¶ 3–5). Thus, use of the "a/k/a" descriptor is incorrect. Although it appears that only Carnival was served (ECF No. 7), counsel appeared for both entities (ECF No. 8) and they "join together to make the instant motion to dismiss Plaintiff's complaint," (ECF No. 10-2 at 5).

CONQUEST set to embark from Miami, Florida on August 17, 2019. Two days before departure, on August 15, 2019, Carnival e-mailed Plaintiff her boarding pass and passenger ticket. On the same day at 6:44 PM, Plaintiff acknowledged receipt of and accepted the terms and conditions contained in Carnival's standard form contract of carriage ("Cruise Contract"), which is part of the passenger ticket. Thereafter, while aboard the cruise ship off the coast of Miami, Florida, on August 24, 2019 at around 1:00 AM, Plaintiff slipped and fell on a wet floor *en route* to her cabin from the Monet Restaurant causing her to suffer a broken leg, among other injuries.

On August 10, 2020, Plaintiff brought the instant action against Defendants alleging negligence for, *inter alia*, failing to maintain the floor of the cruise ship in a reasonably safe condition. On September 16, 2020, Defendants filed the instant motion to dismiss "pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) on the grounds that: (a) this honorable Court lacks subject-matter jurisdiction; (b) this honorable Court lacks personal jurisdiction over Defendants; (c) this honorable Court is the improper venue for this matter; and (d) the complaint fails to state a claim upon which relief can be granted." (ECF No. 10-2 at 5). In substance, Defendants move to dismiss (1) for lack of personal jurisdiction, (2) for failure to state a claim due to Plaintiff's lack of compliance with the Cruise Contract's notice provision, and (3) on the basis of *forum non conveniens* because the Cruise Contract's forum selection clause required Plaintiff to bring her lawsuit in Florida.[2] Defendants also argue, in the alternative, that the Court should transfer the action to the Southern District of Florida in Miami.

---

[2] The Defendants argue that the enforceable forum selection clause strips this Court of subject matter jurisdiction. Whether a forum selection clause is enforceable may have bearing on a motion brought pursuant to Rule 12(b)(6) or, as discussed above, the question of transfer. It does not however implicate the Court's subject matter jurisdiction. *See Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 658 (2d Cir. 1988) ("A forum-selection clause, although it can have jurisdictional consequences, does not oust a district court of subject-matter jurisdiction."); *Atl. Marine Const. Co. v. United States Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60–61 (2013) (noting that the appropriate way to enforce forum-selection clauses is through Section 1404(a) for cases in which the transferee forum is within the federal court system).

2

**Discussion**

Preliminarily, the Court has subject matter jurisdiction over this dispute because this claim implicates the Court's admiralty jurisdiction. *See Ward v. Cross Sound Ferry*, 273 F.3d 520, 523 (2d Cir. 2001) (finding admiralty jurisdiction proper in personal injury case where plaintiff fell on gangway while boarding a ferry). The Court further finds that it is appropriate to bypass the question of personal jurisdiction because this matter may be disposed of through enforcement of the forum selection clause. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.").[3] Additional undisputed facts are set forth as necessary.

The Cruise Contract sent to the Plaintiff and accepted by her contains the following provision:

**TICKET CONTRACT**

**IMPORTANT NOTICE TO GUESTS: THIS DOCUMENT IS A LEGALLY BINDING CONTRACT ISSUED BY CARNIVAL CRUISE LINE TO, AND ACCEPTED BY, GUEST SUBJECT TO THE IMPORTANT TERMS AND CONDITIONS APPEARING BELOW.**

**NOTICE: THE ATTENTION OF GUEST IS ESPECIALLY DIRECTED TO CLAUSES 1, 4, AND 11 THROUGH 14, WHICH CONTAIN IMPORTANT LIMITATIONS ON THE RIGHTS OF GUESTS TO ASSERT CLAIMS AGAINST CARNIVAL CRUISE LINE, THE VESSEL, THEIR AGENTS AND EMPLOYEES, AND OTHERS, INCLUDING FORUM SELECTION, CHOICE OF LAW, TIME LIMITATIONS FOR FILING SUIT, ARBITRATION, AND WAIVER OF JURY TRIAL FOR CERTAIN CLAIMS.**

---

[3] In making this determination, the Court will apply federal law. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991) ("First, this is a case in admiralty, and federal law governs the enforceability of the forum-selection clause we scrutinize.").

## IMPORTANT TERMS AND CONDITIONS OF CONTRACT –

## READ CAREFULLY!

(ECF No. 10-1 at 9 (capitalization and bold in original)). In Clause 1, subsection (e), the Cruise Contract provides that "[t]he acceptance or use of this ticket by the person(s) named hereon as Guests shall be deemed acceptance and agreement by each of them to all of the terms and conditions of this cruise Contract." (*Id*.). In Clause 13, subsection (c), regarding forum selection, the Cruise Contract, in relevant part, provides:

> [I]t is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United Sates lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A. to the exclusion of the Courts of any other county, state or country.

(*Id*. at 20). Thus, if enforceable, the Cruise Contract unequivocally requires that Plaintiff bring her suit in the Southern District of Florida, Miami Division.

Although raised as a basis for dismissal, the Supreme Court has "held that generally 'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*,' rather than Rule 12(b)." *Martinez v. Bloomberg LP*, 740 F.3d 211, 216 (2d Cir. 2014) (quoting *Atl. Marine Const. Co. v. United States Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013)). Accordingly, the Court views the Defendants' motion through the lens of a motion for transfer made pursuant to 28 U.S.C. § 1404(a), which codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[.]" *Atl. Marine Const. Co.*, 571 U.S. at 60. "This clarification of the proper procedural vehicle for enforcing a forum selection clause, however, does not appear to alter the materials on which a district court may rely in granting a motion to dismiss based on a

forum selection clause." *Martinez*, 740 F.3d at 216. "In deciding a motion to dismiss for *forum non conveniens*, a district court normally relies solely on the pleadings and affidavits, though it may order limited discovery." *Id.* (citations omitted). "Similarly, in evaluating a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits, but must conduct an evidentiary hearing to resolve disputed factual questions in favor of the defendant." *Id.* at 216–17 (citations omitted). Here, the Court relies upon the pleadings as well as the parties' submissions seeking and opposing the motion to dismiss.

Generally, "when a defendant moves to dismiss on the ground of *forum non conveniens*, courts assess: (1) the deference to be accorded the plaintiff's choice of forum; (2) the adequacy of the alternative forum proposed by the defendants; and (3) the balance between the private and public interests implicated in the choice of forum." *Fasano v. Yu*, 921 F.3d 333, 335 (2d Cir. 2019) (*per curiam*). "Where the parties have contractually selected a forum, however, the forum selection clause substantially modifies the *forum non conveniens* doctrine" and the analysis undertaken by the Court. *Id.* (internal quotation marks and alterations omitted). "Instead, a district court must [first] consider three factors: . . . whether (1) the clause was reasonably communicated to the party resisting its enforcement; (2) the clause is mandatory or permissive; and (3) the claims and parties to the dispute are subject to the clause." *Id.* Satisfaction of these factors creates a presumption of enforceability, which can be overcome at step four only by "a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217 (quotation marks and citations omitted); *see Atl. Marine Const. Co.*, 571 U.S. at 61 (noting that courts evaluate forum selection clauses in the same way pursuant to § 1404(a) as they do pursuant to the *forum non conveniens* doctrine). While "it is conceivable [that a district court] would refuse to transfer a case notwithstanding the counterweight

5

of a forum-selection clause, such cases will not be common." *Atl. Marine Const. Co.*, 571 U.S. at 64 (internal quotation marks and citation omitted). Thus, "forum-selection clauses should control except in unusual cases." *Id.*

Here, Plaintiff makes no claim that the forum selection clause is not mandatory or that the parties here are not subject to the clause. Rather, Plaintiff appears to argue that the Court should find the forum selection clause unenforceable because (1) Carnival did not reasonably communicate it to her[4] and (2) it is unreasonable or unjust.

**Reasonable Communication**

In the context of contracts arising out of the issuance and acceptance of passenger tickets, to determine whether a carrier reasonably communicated a specific clause to a passenger, the district court must apply a two-part test: "(1) whether the physical characteristics of the ticket itself reasonably communicated to the passenger the existence therein of important terms and conditions that affected the passenger's legal rights, and (2) whether the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract permitted the passenger to become meaningfully informed of the contractual terms at stake." *Ward*, 273 F.3d at 523 (internal quotation marks and brackets omitted) (hereinafter, "the *Ward* test"); *Zuber v. Cross Sound Ferry Servs., Inc.*, No. 04CV4708ADSAKT, 2007 WL 9724568, at *8 (E.D.N.Y. Feb. 8, 2007) ("It does not make a difference whether [the passenger], like most other ordinary passengers, did not actually read the terms on the back of the ticket . . . The Court is only to be concerned with whether the passenger had a[] reasonable <u>opportunity</u> to read the back of the ticket." (emphasis in

---

[4] Inexplicably, Plaintiff does not address the *forum non conveniens* question in the context of a forum selection clause at all. Rather, she argues the factors germane to a traditional *forum non conveniens* analysis. Notwithstanding, the Court considers her arguments as best it can within the confines of the applicable law. In that vein, Plaintiff refers to the clause as a "hidden clause." The Court therefore construes the Plaintiff's argument as asserting that the Defendants did not reasonably communicate the clause to her, though such an argument is not explicitly advanced.

original)). Plaintiff's arguments are construed as attacking both prongs of the *Ward* test. First, Plaintiff asserts that the forum selection clause was a "hidden clause." (ECF No. 11-1 at 11); *see* fn. 4 s*upra*. The Court disagrees. At the outset of the Cruise Contract, Carnival specifically directed Plaintiff's attention to the forum selection clause by bold and capitalized letters. (ECF No. 10-1 at 9). Carnival then advised Plaintiff to "**READ CAREFULLY!**" (*Id*.). And, in Clause 13, by regular print, the Cruise Contract mandates that disputes "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami[.]" (*Id*. at 20). Similarly communicated forum selection clauses are regularly upheld as enforceable by the Second Circuit, and Plaintiff offers no persuasive reason why the result should be different in her case. *See*, *e.g.*, *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) ("The warning 'IMPORTANT NOTICE—READ BEFORE ACCEPTING' is found in bold, capitalized, medium-sized lettering on the face of the ticket. Immediately below the warning, in somewhat smaller print, the ticket purchaser's attention is directed specifically to the contract clause that limits choice of forum. The forum-selection clause itself states in clear and unambiguous language—albeit in fine print—that all suits against the carrier must be brought in Athens, Greece.").

Although advanced as part of her argument that enforcement would be unjust, Plaintiff also argues that Carnival should have called Plaintiff's attention to the clause before she purchased her ticket. However, the second prong of the *Ward* test "focuses on the subjective circumstances attending a particular plaintiff's *opportunity* to review the ticket terms *before embarkation*." *Ward*, 273 F.3d at 525 (emphasis added; internal quotation marks omitted). In *Ward*, the Second Circuit found that defendant-carrier did not give plaintiff-passenger reasonable notice of the contract term at issue where defendant issued the ticket just minutes prior to plaintiff boarding the ship. *Id*. at 524–26. Further, plaintiff's accident occurred while boarding the ship and her husband carried her

onto the ship before handing the tickets to the ticket collector. *Id*. at 525–26. Here, unlike the plaintiff in *Ward*, who had little or no time to review the ticket, Plaintiff had ample time to review the Cruise Contract prior to embarkation. Indeed, on August 15, 2019 at 6:44 PM, two days before the cruise embarked, Plaintiff acknowledged receipt of the Cruise Contract and accepted its terms and conditions. Carnival also granted Plaintiff continuous access to her booking information and documentation via Carnival's website and portal. There was no reason Plaintiff would have been unable to review the Cruise Contract before boarding the cruise and she offers none. The Court finds that Carnival reasonably communicated the forum selection clause to Plaintiff. Accordingly, the forum selection clause is entitled to the presumption of enforceability and it becomes Plaintiff's obligation to make "a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217 (quotation marks and citations omitted).

**Unreasonable or Unjust**

In addition to the assertions advanced and rejected above, Plaintiff appears to argue that limiting her choice of forum is unconscionable. Specifically, Plaintiff argues that a reasonable person would not expect to find a forum selection clause in similar contracts and that its inclusion caused her unfair surprise.[5]

In considering whether the forum selection clause is unreasonable, the Supreme Court's decision in *Carnival Cruise Lines, Inc. v. Shute* is instructive. 499 U.S. 585 (1991). There, Washington-based plaintiff-passengers sought to pursue a negligence action arising out of a slip and fall during a cruise in the Western District of Washington despite a forum selection clause

---

[5] This argument is advanced in the context of whether any unconscionable contract is enforceable.

requiring any such action to be brought in Florida. *Id*. at 588.[6] The Supreme Court found that the forum selection clause contained in the ticket contract was enforceable, *id*. at 595, and in so finding, rejected the notion that the forum selection clause was unreasonable or unjust by accounting for "the realities of form passage contracts," *id*. at 593. Instead of decrying such contracts as inherently unjust, the Supreme Court set forth several reasons such forum selection clauses are permissible. *Id*. For example, the Supreme Court noted that (1) cruise lines have a special interest in limiting the fora in which they potentially could be sued because they carry passengers from many locales; (2) "establishing *ex ante* the forum for dispute resolution" reduces confusion regarding where suits must be brought thereby "sparing litigants the time and expense of pretrial motions" and "*conserving judicial resources that otherwise would be devoted to deciding those motions*"; and (3) "passengers who purchase tickets containing a forum clause . . . benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued." *Id*. at 593–94 (emphasis added). Accordingly, the Supreme

---

[6] The face of each ticket contained an admonition in capital letters that read:

**SUBJECT TO CONDITIONS OF CONTRACT ON LAST PAGES IMPORTANT! PLEASE READ CONTRACT-ON LAST PAGES 1, 2, 3**

*Id*. at 587. On "contract page 1" each ticket included the following:

**TERMS AND CONDITIONS OF PASSAGE CONTRACT TICKET**

. . .

3. (a) The acceptance of this ticket by the person or persons named hereon as passengers shall be deemed to be an acceptance and agreement by each of them of all of the terms and conditions of this Passage Contract Ticket.

. . .

8. It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country.

*Id*. at 587–88.

Court was not persuaded by the argument Plaintiff appears to advance here, that a "nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining." *Id.* at 593. The Court sees no basis, and the Plaintiff offers none, upon which to distinguish the contract at issue here from the contract considered by the Supreme Court in *Shute*.

Lastly, though advanced in connection with her legally misplaced *forum non conveniens* argument, Plaintiff argues that she would be unfairly inconvenienced if she were forced to litigate in Florida because of the expense associated with her physician-witnesses having to travel. "In *Atlantic Marine*, the Supreme Court held that such 'private interests' play no role in determining whether to transfer a case based on a forum selection clause." *Martinez*, 740 F.3d at 229 (citing *Atl. Marine Const. Co.*, 571 U.S. at 582). "It concluded that '[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of the litigation.'" *Martinez*, 740 F.3d at 229 (quoting *Atl. Marine Const. Co.*, 571 U.S. at 582).

In addition, in *Shute*, the Supreme Court rejected a similar argument regarding the inconvenience of litigating in Florida. There, plaintiffs purchased their cruise tickets in Washington, departed from and returned to California, and suffered injury off the coast of Mexico. 499 U.S. at 587–88. Notwithstanding, the Supreme Court held that Florida was "not a remote alien forum" and that the dispute, insofar as the accident occurred off the coast of Mexico, was not "one inherently more suited to resolution in the State of Washington than in Florida." *Id.* at 594. Even more so here, where Plaintiff purchased her ticket in Connecticut, departed from Florida, and suffered injury off the coast of Florida, Florida is not a remote alien forum and the dispute is, arguably, inherently more suited to resolution in Florida than in Connecticut. Thus, like the

plaintiffs in *Shute*, Plaintiff has not satisfied the "heavy burden of proof required to set aside the [forum selection] clause on grounds of inconvenience." *Id*. at 595 (internal citation and quotation marks omitted).

For the foregoing reasons, the forum selection clause in the Cruise Contract is neither unjust nor unreasonable and is therefore enforceable. Accordingly, the Court transfers this matter to the Southern District of Florida, Miami Division.[7]

**Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is granted in part. The Clerk of the Court is directed to transfer this matter to the Southern District of Florida, Miami Division.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of January 2021.

                                                                  */s/ Kari A. Dooley*
                                                                  KARI A. DOOLEY
                                                                  UNITED STATES DISTRICT JUDGE

---

[7] Pursuant to 28 U.S.C. § 1404(a), the appropriate remedy is transfer rather than "outright dismissal." *Atl. Marine Const. Co.*, 571 U.S. at 60; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").