UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-20198-KMM

SURAYA STERLING,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S VERIFIED MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court on Defendant's Unopposed Verified Motion to Tax Costs (ECF No. 79). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Judge, for a Report and Recommendation (ECF No. 80). Having carefully reviewed Defendant's filings, the record, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion be **GRANTED**, for the reasons set forth below.

**I.    BACKGROUND**

Plaintiff Suraya Sterling was a passenger aboard the Carnival Conquest, a cruise ship operated by Defendant Carnival Corporation & PLC. (ECF No. 1 ¶ 8). Plaintiff alleges that on August 25, 2019, at approximately 1:00 A.M., she was heading back to her cabin from a restaurant aboard the Conquest when she slipped on a wet floor and fell down a set of stairs, breaking her left leg. (*Id.* ¶ 9). According to Plaintiff, Defendant or its agents "knew or had notice and had knowledge or with reasonable diligence should have had notice and knowledge or should have

known, of the dangerous and hazardous condition inside the said ship that was wet and/or the wet floor that was not sectioned off and/or that no notice of wet floor sign was placed near it to warn passengers of such hazardous conditions." (*Id.* ¶ 10.).

Plaintiff sued, asserting that (1) Defendant owed her a duty to exercise ordinary care in maintaining the floor by wiping it up, or at the least by placing a warning sign, (*Id.* ¶ 11), (2) Defendant breached that duty by failing to provide any warning signs, inspect the floor, prevent passengers from walking on the wet floor, dry the floor, and warn of the alleged hazard, (*Id.* ¶ 14), and (3) thus, Plaintiff sustained multiple physical injuries and damages resulting therefrom. *See* (*Id.* ¶¶ 15–19). Defendant moved for summary judgment and on December 18, 2021, the Court granted Defendant's Motion (ECF No. 75). The Defendant now moves for an Order taxing costs against Plaintiff, Suraya Sterling.

## II.   DISCUSSION

### a.   Defendant's Motion to Tax Costs

Pursuant to Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the authority found in Rule 54(d). The Court entered summary judgment in favor of the Defendant and against Plaintiff, therefore Defendant is a prevailing party and is entitled to an award of costs under Rule 54(d) and § 1920. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). Defendant moves for $3,513.10 in taxable costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c), consisting of: 1) $110.00 fees for service of summons and subpoena, 2) $2,611.45 fees for deposition transcripts and court reporter fees, including the court reporter's attendance fees, and  3) $791.65 fees for

making copies of materials necessarily obtained for use in this case and for Defendant's internal copying and printing costs.

Plaintiff does not oppose the Motion. The undersigned has reviewed all costs advanced to determine if they are recoverable and reasonable under § 1920. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (analyzing the defendant's specific requests for costs despite the plaintiff's failure to object to them).

### b.     Subpoena Costs

Defendant seeks a total of $110.00 in medical providers listed by subpoena costs, comprised of costs incurred in serving subpoena upon a witness, Daisha Haynes. Defendant avers that it repeatedly "attempted service of a subpoena on witness Daisha Haynes." (ECF No. 79 at 5). The subpoena was served using a private process server, whose fees are recoverable as costs. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Further, the subpoena at issue cost $55.00, with a $55.00 rush fee, which is permissible to recover as below the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation adopted*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017). Plaintiff raises no objection to the subpoena costs and the invoices provided by Defendant do reflect $110.00 in recoverable subpoena costs (ECF 79-1 at 3). The undersigned recommends awarding $110.00 in subpoena costs.

### c.     Court Reporter Fees and Deposition Transcripts

Defendant seeks $2,611.45 in costs "for the deposition transcripts and related court reporter fees incurred by Defendant in preparing its defense of this matter." (ECF No. 79 at 5). Transcript fees are recoverable under the plain language of 28 U.S.C. § 1920(2), and courts have found that

court reporter fees are also recoverable under the statute. *See Bannon*, 2017 WL 1395171, at *10. However, miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions").

Defendant provided four invoices for the deposition of Daisha Haynes, Suraya Sterling, and Nila Alexander (ECF No. 79-1 at 4–7). Having reviewed both the invoices attached to Defendant's bill of costs and Defendant's list of invoices attached to its verified motion, the undersigned recommends awarding Defendant the amount sought, that is, $2,611.45 in transcript costs.

### d. Printing and Copying Costs

Defendant seeks $791.65 for costs incurred "in making copies of materials necessarily obtained for use in this case and for Defendant's internal copying and printing costs." (ECF No. 79 at 9). Printing and copying costs are recoverable if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). The party moving for costs has the burden to show that the copies for which reimbursement is sought were necessarily obtained for use in the case. *See Diaz v. AIG Mktg., Inc.*, No. 09-60011-CIV, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, No. 09-60011-CIV, 2010 WL 2541111 (S.D. Fla. June 22, 2010). In this district, printed pages and copies attributable to discovery, pleadings, correspondence, exhibits, documents tendered to the opposing party, copies, and documents prepared for the Court's consideration are all recoverable. *See Fla. Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005).

Having reviewed both the invoices attached to Defendant's bill of costs and Defendant's list of invoices attached to its verified motion, the undersigned is satisfied the printing and copy costs incurred by the Plaintiff and identified medical providers were necessarily obtained for use in the case because the records were relevant to Plaintiff's claim of injury. Accordingly, the undersigned recommends awarding $791.65 in copying costs.

## III. RECOMMENDATION

Based on the foregoing considerations, I recommend that Defendant's Motion to Tax Costs (ECF No. 79) be **GRANTED** and Defendant should be awarded **$3,513.10** in costs, plus interest, from the date of the judgment. *See Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of judgment.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of March, 2022.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE